Filed 5/27/25  P. v. Garcia CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NATALIE ELIZABETH GARCIA,<br><br>Defendant and Appellant. | B338254<br><br>(Los Angeles County<br>Super. Ct. No. PA063463) |

Natalie Elizabeth Garcia (defendant) appeals from the order of the trial court denying her petition for resentencing under Penal Code[1] section 1172.6.  Defendant's attorney filed a brief raising no issues and asked this court to independently review the record.  Defendant submitted a supplemental brief on her own behalf.  Under the standard articulated in *People v.*

_____

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

*Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we decline counsel's invitation to undertake an independent review of the record.  Instead, we evaluate the arguments defendant raises in her letter brief.  (*Id.* at pp. 231-232.)  Finding none of her arguments meritorious, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

I.    **Facts[2]**

A.    ***The underlying crime***

In June 2008, defendant and her then-15-year-old younger brother, Emilio, got into an argument that turned physical.  Both threw punches, but defendant bit Emilio's ear and told him, "I'm going to kill you."  Responding police officers arrested defendant.

Later that same month, defendant told Emilio that she knew where an AK-47 rifle was hidden and led him several hours up a hiking trail in Chatsworth to its alleged location.  Before they departed, defendant told Emilio to leave a note to his mother indicating he was at a friend's house.  When they reached the spot where defendant claimed the rifle was buried, defendant had Emilio start digging a hole to unearth the weapon.

While Emilio was standing in the hole he had dug, defendant took out a knife and put it to Emilio's neck.  Emilio tried to run but tripped, and defendant stabbed him once in the back and twice in the stomach.  They stayed on the trail for approximately the next hour, and when Emilio asked defendant not to kill him, she refused, telling him, "It's time for [you] to die, to go to sleep."  Defendant then repeatedly slashed Emilio's neck.

---

**2**    We draw these facts from our prior, unpublished appellate opinion affirming defendant's sentence (*People v. Garcia* (Nov. 16, 2010) B222955 (*Garcia*)), but we do not rely on these facts for our analysis or disposition here.  (See § 1172.6, subd. (d)(3).)

Defendant buried her knife and backpack in the hole and dragged the still living Emilio back to the road. She flagged down a passing car and told Emilio to say that he had been attacked by two men. Emilio was taken to the hospital where he was treated for lacerations and a collapsed lung; one of his kidneys was removed due to a puncture wound.

After waiving her *Miranda* rights, defendant admitted taking Emilio up the trail, telling him it was time to die, and stabbing him because she thought it would help her family.

## B. *Conviction and appeal*

In June 2009, the People charged defendant with (1) attempted murder (§§ 187, 664), and (2) mayhem (§ 203).[3] The People also alleged that the attempted murder was willful, deliberate, and premeditated (§ 664, subd. (a)), that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)), and that defendant personally used a deadly weapon (§ 12022, subd. (b)(1)).

Defendant waived her right to a jury trial and proceeded to a court trial based on the transcript from her preliminary hearing. Defendant testified.

The trial court found defendant guilty of both attempted murder and mayhem, and also found true the allegations that defendant premeditated the attempted murder, personally caused great bodily injury, and personally used a deadly weapon. The court sentenced defendant to life for the premeditated attempted murder, plus four consecutive years for the great bodily injury and deadly weapon enhancements. The court

---

[3] The information also charged defendant with a third count of making criminal threats (§ 422), but the court found defendant not guilty on that count.

imposed a concurrent two-year sentence for the mayhem conviction.

Defendant appealed, challenging only the imposition of the two-year concurrent sentence, and we affirmed in an unpublished decision.  (*Garcia*, *supra*, B222955.)

## II.    Procedural Background

On November 29, 2023, defendant filed a petition seeking resentencing under section 1172.6.  In the form petition, defendant checked the boxes for the allegations that she had been convicted of attempted murder, that the prosecution could have proceeded under a theory of "attempted murder under the natural and probable consequences doctrine," and that her attempted murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019."  After the trial court appointed counsel for defendant, the People opposed the petition, arguing that defendant was ineligible for relief because she "was prosecuted as the sole perpetrator of the crime with actual malice, with no basis for considering the natural and probable consequences doctrine."

On May 6, 2024, the trial court—presided over by the same judge who presided over the original trial—held a hearing and summarily denied defendant's petition.  Citing its own findings from the trial, the trial court found that defendant "was the sole perpetrator" and not prosecuted under a natural and probable consequences theory of liability, such that she was "ineligible" for relief under section 1172.6 "as a matter of law."

Defendant timely appealed.

## DISCUSSION

Section 1172.6 is the procedural vehicle by which persons convicted of attempted murder in now-final judgments can seek

to vacate convictions that do not satisfy the currently permissible theories for homicide liability. (§ 1172.6, subd. (a).) In assessing whether a defendant seeking relief under section 1172.6 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask "'"whether the petitioner would be entitled to relief if [those] allegations were proved."'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*; *People v. Patton* (2025) 17 Cal.5th 549, 563.) We independently review a trial court's decision to deny a section 1172.6 petition at the prima facie stage. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

By its plain language, section 1172.6 only grants relief to those convicted of attempted murder if they were convicted under the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; § 1172.6, subd. (a).) Because the natural and probable consequences doctrine necessarily requires that a coparticipant have committed the charged crime (see CALCRIM Nos. 402, 403), a defendant convicted of attempted murder is not eligible for relief under section 1172.6 if she was convicted as the sole and direct perpetrator. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204; *Coley*, at p. 548.)

Here, the trial court properly denied defendant's petition at the prima facie stage because the record of conviction conclusively establishes that defendant was the sole and direct perpetrator of the attempted murder. At her court trial, the evidence—including defendant's own admission—indisputably

showed that she was the sole actor and the court subsequently found her guilty of deliberate, willful, and premeditated attempted murder, and also found true the allegations that defendant had personally inflicted great bodily harm and personally used a deadly weapon. The trial court's conviction and findings foreclosed the possibility that defendant was convicted under a natural and probable consequences theory.

Defendant raises several arguments in her supplemental brief challenging the trial court's decision including: (1) Emilio lied about various facts contained in the preliminary hearing transcript,[4] (2) Emilio's recounting of what defendant said was hearsay, (3) defendant's admissions were elicited in violation of her constitutional rights, (4) defendant lacked intent because she was intoxicated, (5) defendant's brain was not fully developed when she committed the crime at age 17 and was impacted by a brain tumor, (6) defendant did not understand when she waived her constitutional rights, (7) there was no physical evidence of premeditation, and (8) she was convicted under the natural and probable consequences theory.[5] Other than defendant's last argument, none of her contentions have any relevance to our analysis under section 1172.6. Each one asks us to review her underlying conviction or second-guess the factual findings from her court trial, neither of which we can do on appeal from the

[4] The trial court also considered the preliminary hearing transcript, which was part of the evidence presented at trial.

[5] We decline defendant's request to take judicial notice of a separate federal court case in which she was involved, because our review is confined to whether defendant's conviction in state court is eligible for resentencing relief under section 1172.6. (See Evid. Code, §§ 452, 459.)

6

denial of a section 1172.6 petition.  (*People v. Palacios* (2024) 101 Cal.App.5th 942, 946 ["A resentencing hearing under section 1172.6 is not a new trial. Nor does it provide the petitioner a new opportunity to raise claims of trial error"]; *People v. Hill* (2025) 109 Cal.App.5th 274, 288 ["A defendant cannot use a section 1172.6 resentencing hearing to relitigate facts already determined"]; *People v. Curiel* (2023) 15 Cal.5th 433, 460 [factual findings given preclusive effect at prima facie stage].)  Her final argument regarding the natural and probable consequences doctrine fails for the reasons articulated above.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.
HOFFSTADT


We concur:


_____, J.
BAKER



_____, J.
KIM (D.)


7